UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANGELA M. HAGLER, individually, | ) | |
| and on behalf of her daughter, | ) | |
| ADAISHA DENYEL RUSSELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-78 |
| | ) | (Phillips/Shirley) |
| KNOX COUNTY SCHOOL DISTRICT 00470, | ) | |
| SAM E. HILL FAMILY COMMUNITY | ) | |
| CENTER, BOARD OF EDUCATION, | ) | |
| MAMOSA FOSTER, as principal, | ) | |
| CHARLES Q. LINDSEY, as superintendent and | ) | |
| SHEILA KNIGHT in her individual and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 13] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the defendants' Motion for More Definite Statement [Doc. 11].

The defendants Knox County Board of Education, Charles Q. Lindsey, and Mamosa Foster in their official capacities move for a more definite statement of the facts stated in the plaintiffs' complaint. [Doc. 11].

The plaintiffs oppose the defendants' motion, arguing that their complaint gives sufficient information to allow the defendants to respond to the plaintiffs' allegations. [Doc. 14].

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). If the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the Court may order the plaintiff to make a more definite statement before the defendant responds. Fed. R. Civ. P. 12(e). However, such motions are generally not favored and are not intended to be a substitute for the "normal discovery process." Columbia Ins. Co. v. Brown Shoe Co., 233 F.R.D. 250, 251 (D. Conn. 2005). "A motion pursuant to Rule 12(e) should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 233 F.R.D. 133, 134-35 (S.D.N.Y. 2005) (quoting Caraveo v. Nielsen Media Research, Inc., No. 01 Civ. 9609, 2002 WL 530993, at *2 (S.D.N.Y. Apr. 8, 2002)).

The defendants argue that the plaintiffs' allegations do not set forth any factual allegations with regard to actions or decisions taken by defendant Lindsey. The Court does not find that the plaintiffs' complaint is so excessively vague and ambiguous as to be unintelligible with respect to the alleged conduct of defendant Lindsey, and thus, the defendants' motion with respect to these allegations is denied.

Next, the defendants argue that the plaintiff must clarify certain allegations that refer to the "Knox County School District," as no such entity exists. The Court will not require a more definite statement with respect to these allegations. If, as the defendants contend, no such entity

known as the "Knox County School District" exists, that issue can be addressed by an appropriate motion. See Swierkiewicz, 534 U.S. at 512 (noting that the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims").

The defendants further argue that the plaintiffs should be required to clarify the actions taken by the minor plaintiff's peers that the plaintiffs allege constitutes "unconstitutional conduct" as alleged in paragraph 53 of the complaint. The Court agrees with the defendants that this particular allegation is excessively vague and ambiguous. Thus, the plaintiffs shall be required to submit a more definite statement of this particular allegation within twenty (20) days of the entry of this Order.

Finally, the defendants contend that, with respect to each paragraph that refers to actions taken by "the defendants," the plaintiffs should be required to clarify which defendant took each action alleged. The Court finds that the defendants have been given fair notice by the allegations stated in the plaintiffs' complaint. "The fact that plaintiff attributes acts to 'defendants' as a group does not render the Complaint so vague and ambiguous as to be unintelligible." Tagare v. NYNEX Network Sys. Co., 921 F. Supp. 1146, 1153 (S.D.N.Y. 1996).

For the foregoing reasons, the defendants' Motion for More Definite Statement [Doc. 11] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge